**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JESSE HELMS,**  Plaintiff,  v.  **ANTHONY DEGNER, et. al,**  Defendants. | Case No. 24–cv–07857–ESK–MJS  OPINION |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on *pro se* plaintiff Jesse Helms's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff, a convicted and sentenced state prisoner, was confined in South Woods State Prison (South Woods) when he filed the Complaint. (ECF No. 1 p. 4; ECF No. 8.) He seeks relief from New Jersey Department of Corrections Commissioner Victoria Kuhn for allegedly unconstitutional conditions of confinement. (*Id.* p. 2.)[1] According to plaintiff, there was no privacy when

---

[1] Plaintiff stated he wanted to dismiss the claims against South Woods Administrator Anthony Degner in a letter to the Court dated February 25, 2025. (ECF No. 8.) Therefore, I will only review plaintiff's allegations against Kuhn.

prisoners used the cell toilets in South Woods. (*Id.* p. 5.) He further alleges that the lights were kept on all day. (*Id.*) He asks for punitive damages and injunctive relief requiring South Woods to turn off the lights and provide a privacy barrier in cells. (*Id.*)

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam))).

### III. DISCUSSION

Supervisory officers like Kuhns "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)) (alteration in original).

Plaintiff alleges that Kuhn's custom of having no privacy barriers in the cells and continuous lighting violated his Eighth Amendment rights.  (ECF No. 1 p. 5.)  "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "The Eighth Amendment imposes duties on prison officials to 'provide humane conditions of confinement' and 'ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Barndt v. Wenerowicz*, 698 F. App'x 673, 676–77 (3d Cir. 2017) (per curiam) (quoting *Farmer*, 511 U.S. at 832).  To allege an Eighth Amendment conditions of confinement claim, plaintiff must provide facts showing "that (1) the deprivation alleged was objectively, 'sufficiently serious' such that the prison officials' acts or omissions resulted in the denial of 'the minimal civilized measure of life's necessities'; and (2) that the prison officials exhibited a 'deliberate indifference' to his health and safely." *Id.* at 677 (quoting *Farmer*, 511 U.S. at 834).

3

Here, the alleged deprivations fail to state a claim of constitutional magnitude. "Plaintiff's inability to maintain the highest manners possible (or his embarrassment ensuing from having another person in the cell while [p]laintiff uses the toilet) cannot qualify as a violation of [p]laintiff's constitutional rights." *Junne v. Atl. City Med. Ctr.*, No. 07–cv–05262, 2008 WL 343557, at *10 (D.N.J. Feb. 4, 2008). "The need to have a toilet in the cell appears to be reasonably related to a legitimate governmental objective (*i.e.,* having detainees able to use the toilet at any time the detainees might wish to do so, without the need for constant escort to public bathrooms)." *Id.* Requiring prisons to install privacy barriers may also negatively impact security measures by limiting guards' ability to see the entirety of the cell. In the absence of facts suggesting the lack of a private toilet caused anything other than embarrassment, plaintiff has not alleged that he was deprived of the minimal of life's necessities. Therefore, I will dismiss this claim without prejudice.

Plaintiff also has not pled facts that would allow me to reasonably infer that the custom of having continuous lighting violated his Eighth Amendment rights. Plaintiff alleges he was unable to sleep and developed headaches from the lighting, but there are no facts that plausibly suggest Kuhn was deliberately indifferent to the effects of the lighting. "Deliberate indifference requires significantly more than negligence." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 329 (3d Cir. 2020). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). There are no facts in the Complaint that plausibly suggest Kuhn knew

of the risk posed by the lights and disregarded that risk. Therefore, I will dismiss this claim without prejudice.

Finally, plaintiff's requests for injunctive relief are moot because he has been released from South Woods. (ECF No. 8.) "[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge." *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981). I will dismiss the injunctive relief requests with prejudice.

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). It is possible that plaintiff may be able to state a claim by providing more information about the conditions of his confinement, so I will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.

### IV. CONCLUSION

For the reasons stated above, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). The injunctive relief requests are dismissed with prejudice. Plaintiff may submit a proposed amended complaint within 45 days. An appropriate Order accompanies this Opinion.

                                                    */s/ Edward S. Kiel*
                                                    **EDWARD S. KIEL**
                                                    UNITED STATES DISTRICT JUDGE

Dated: March 6, 2025